IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-202-D
No. 5:13-CV-728-D

| | |
|---|---|
| DONNELL DEMETRIUS STANFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On October 16, 2013, Donnell Demetrius Stanford ("Stanford") filed a motion to vacate, set aside, or correct his 360-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 309]. On January 27, 2014, the government moved to dismiss Stanford's section 2255 motion [D.E. 323]. On February 26, 2014, Stanford responded in opposition to the government's motion to dismiss [D.E. 328]. As explained below, the court grants the government's motion to dismiss.

I.

On July 9, 2009, a federal grand jury in the Eastern District of North Carolina indicted Stanford on one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one), and one count of possession with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count three). See [D.E. 11].

On April 15, 2010, Stanford appeared before Judge Boyle for his Rule 11 hearing. See [D.E. 116]. Although Stanford had signed a written plea agreement before the hearing, he refused to plead

guilty at the hearing. See Arraignment Tr. [D.E. 292] 6. Judge Boyle scheduled Stanford's trial for March 7, 2011. See [D.E. 168] On the morning of March 7, 2011, Stanford changed his mind and pleaded guilty to the indictment without a written plea agreement. See [D.E. 191]; Arraignment Tr. 16.

Before sentencing, the United States Probation Office ("probation") prepared a Presentence Investigation Report ("PSR"). See [D.E. 253]. Probation calculated Stanford's base offense level to be 38, and then added a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. See PSR ¶¶ 50, 51, 54. Probation then reduced Stanford's adjusted offense level of 42 by three levels for acceptance of responsibility. See id. ¶ 57. A total offense level of 39, coupled with a criminal history category of V, generally yields an advisory guideline range of 360 to life. See U.S.S.G. ch. 5, pt. A (sentencing table). However, probation calculated Stanford's advisory guideline range to be life, based on the mandatory minimum term of imprisonment that applied at the time. See 21 U.S.C. § 841(b)(1)(A) (2011); [D.E. 76] (notice of intent to seek enhanced penalty pursuant to 21 U.S.C. § 851).

On October 4, 2011, this court held a sentencing hearing. At the hearing, the government objected to the mandatory minimum term of life imprisonment, and argued that, pursuant to the Fair Sentencing Act ("FSA"), the applicable statutory penalty should be ten years to life.[1]  The court

---

[1] Specifically, the government argued that the FSA's more lenient statutory penalties should apply retroactively to all defendants sentenced on or after August 3, 2010 (the FSA's effective date), regardless of when the offense conduct took place. See PSR add. ¶ 1. The Supreme Court later ruled that the FSA's more lenient statutory penalties apply retroactively to all defendants sentenced on or after August 3, 2010, but whose crimes took place before that date. See Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012). Because Stanford's offense conduct concluded on March 14, 2009, and he was sentenced on October 4, 2011, the FSA applies retroactively to him. See PSR ¶ 9.

2

sustained the objection. See Sentencing Tr. [D.E. 288] 8. Next, Stanford's attorney objected to both of the sentencing enhancements that probation had applied. The court overruled the objection as to the dangerous-weapon enhancement, see id. 70, but sustained the objection as to the obstruction-of-justice enhancement. See id. 70–71.[2] Accordingly, the court calculated Stanford's advisory guideline range to be 324 to 405 months' imprisonment, based on a total offense level of 37 and a criminal history category of V. See id. 71. After considering the evidence presented, the arguments of counsel, Stanford's allocution, and the section 3553(a) factors, the court sentenced Stanford to 360 months' imprisonment on count one and 360 months' imprisonment on count three, to be served concurrently. See id. 71–80; Judgment [D.E. 274].

Stanford appealed his both his conviction and sentence. See [D.E. 266]. He claimed that "his guilty plea was involuntary due to the district court's denial of his requests to substitute counsel, exertion of pressure for a guilty plea, and coercive behavior," and challenged the evidence that the court relied upon to calculate his advisory guideline range. United States v. Stanford, 492 F. App'x 401, 403–05 (4th Cir. 2012) (per curiam) (unpublished). On August 7, 2012, the Fourth Circuit rejected Stanford's claims, and affirmed his conviction and sentence. See id. at 405. On September 7, 2012, the Fourth Circuit denied Stanford's petition for rehearing en banc. See United States v. Stanford, No. 11-5010, [D.E. 71] (4th Cir. Sept. 7, 2012) (unpublished). On October 29, 2012, the United States Supreme Court denied Stanford's petition for writ of certiorari. See Stanford v. United States, 133 S. Ct. 566, 567 (2012).

On October 16, 2013, Stanford timely filed a section 2255 motion [D.E. 309]. Stanford raises two claims of ineffective assistance of counsel. First, Stanford claims that his attorney

---

[2] The court also overruled Stanford's objection to the drug weight probation attributed to him. See id. 70. This objection is not relevant to Stanford's section 2255 motion.

3

provided ineffective assistance by failing to object when the court accepted Stanford's guilty plea. He then identifies a host of problems with his guilty plea, arguing that the court did not explain the guilty plea, that he did not understand the true nature of the charges to which he pleaded guilty, that the indictment did not explain the elements of each of his crimes, and that the government's factual basis was insufficient to support the entry of his guilty plea. See [D.E. 309-1] 3–15. Second, Stanford argues that his attorney provided ineffective assistance at sentencing by failing to object to the court's erroneous application of the dangerous-weapon enhancement and calculation of his criminal history category. See id. 16–26. In response, the government moves to dismiss Stanford's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 323]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the

4

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Stanford's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to

"eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Stanford contends that his attorney provided ineffective assistance by failing to object when the court accepted Stanford's guilty plea. Stanford impermissibly attempts to relitigate the same issue he lost on direct appeal—the validity of his guilty plea—by changing the label on his claim. Stanford cannot use section 2255 to relitigate claims that the Fourth Circuit rejected on direct appeal. See United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

To the extent that Stanford attempts to litigate new issues associated with his guilty plea, Stanford has procedurally defaulted those claims by failing to raise them on direct appeal. Under the general rule of procedural default, "claims not raised on direct appeal may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003). To avoid this general rule, a defendant must show "actual innocence" or "cause and prejudice" resulting from the errors of which he complains. See, e.g., Bousley v. United States, 523 U.S. 614, 622–24 (1998); United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010). Stanford does not make either showing. First, Stanford does not claim that he is innocent of the charges to which he pleaded guilty. Second, Stanford does not demonstrate cause. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance

6

of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Stanford's challenges to the validity of his guilty plea are not novel, and he does not allege that his appellate attorney provided ineffective assistance. Finally, Stanford has not plausibly alleged "that a miscarriage of justice would result from [refusing] to entertain the collateral attack." Id. Because there is no basis to excuse Stanford's procedural default, Stanford's attempt to litigate new issues associated with his guilty plea fails.

Alternatively, the court dismisses Stanford's claims regarding the validity of his guilty plea because they "necessarily rel[y] on allegations that contradict the sworn statements" he made during his Rule 11 hearing. United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005); see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Stanford argues that the court did not explain his guilty plea, that he did not understand the true nature of the charges to which he pleaded guilty, and that the indictment did not explain the elements of each of his crimes. The record belies these claims. At Stanford's Rule 11 hearing, the court advised Stanford of the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty, including the trial rights he would be giving up. See Arraignment Tr. [D.E. 292] 14. In response, Stanford stated, under oath, that he understood the charges against him, the maximum potential penalties associated with those charges, and the consequences of pleading guilty, including the trial rights he would be giving up. See id. 14–15. Stanford also stated, under oath, that no one had forced him to plead guilty, and that he understood what he was doing by changing his plea. See id. 16–17. In sum, Stanford's sworn statements during his Rule 11 hearing conclusively establish that his plea agreement was knowing and voluntary. Accordingly, the court dismisses Stanford's claims to the contrary.

7

Finally, Stanford's challenge to the validity of his guilty plea fails even if the court construes it as an ineffective assistance of counsel claim. Stanford argues that his attorney should have objected to the entry of his guilty plea because the court did not explain, and he did not understand, the true nature of the charges to which he pleaded guilty, and because the government's factual basis was insufficient to support the entry of his guilty plea. The record belies both claims. Arraignment Tr. 14–15, 17–18; see Blackledge, 431 U.S. at 73–74; Lemaster, 403 F.3d at 222. Counsel's failure to raise meritless objections does not amount to ineffective assistance. See, e.g., Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010).

Stanford also contends that his attorney provided ineffective assistance at sentencing by failing to object to the court's erroneous application of the dangerous-weapon enhancement and calculation of his criminal history category. To the extent that Stanford challenges the court's calculation of his advisory guideline range, this claim fails. Any alleged error in calculating Stanford's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Stanford received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); Mikalajunas, 186 F.3d at 495–96.

Alternatively, Stanford's claims of ineffective assistance of counsel concerning the advisory guideline calculation fail on the merits. First, Stanford's attorney did object to the court's application of the dangerous-weapon enhancement. See PSR add. ¶ 2; Sentencing Tr. 70. As for Stanford's second claim, Stanford does not plausibly allege deficient performance or prejudice. Because the court correctly calculated Stanford's criminal history category, counsel was not ineffective for failing to argue that it erred. See, e.g., Sharpe, 593 F.3d at 383. In any event, even if the court had erred in calculating Stanford's criminal history category (and thus, Stanford's

8

advisory guideline range), it "would [have] impose[d] the same sentence as an alternative variant sentence." Sentencing Tr. 81–82; see United States v. Gomez-Jimenez, No. 12-5030, 2014 WL 1623072, at *9–12 (4th Cir. Apr. 24, 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Accordingly, the court dismisses Stanford's claims of ineffective assistance of counsel at sentencing.

After reviewing the claims presented in Stanford's motion, the court determines that reasonable jurists would not find the court's treatment of any of Stanford's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 323], and DISMISSES Stanford's section 2255 motion [D.E. 309]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 22 day of May 2014.

JAMES C. DEVER III
Chief United States District Judge

9