IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-202-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONNELL DEMETRIUS STANFORD, | ) | |
| | ) | |
| Defendant. | ) | |

On March 7, 2011, without a written plea agreement, Donnell Demetrius Stanford ("Stanford") pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine (count one) and possession with intent to distribute more than 50 grams of cocaine base and a quantity of cocaine (count three). See [D.E. 191, 297]. On October 4, 2011, the court held Stanford's sentencing hearing. See [D.E. 263, 273, 274, 288]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Stanford's objections. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 288] 4–71. The court calculated Stanford's total offense level to be 37, his criminal history category to be V, and his advisory guideline range on each count to be 324 to 405 months' imprisonment. See Sentencing Tr. at 69–72. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Stanford to 360 months' imprisonment on each count to run concurrently. See id. at 76–82. Stanford appealed. On August 7, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Stanford, 492 F. App'x 401, 403–05 (4th Cir. 2012) (per curiam) (unpublished).

On November 9, 2015, Stanford moved (pro se) for a sentence reduction. See [D.E. 375]. On March 28, 2016, Stanford moved (through counsel) for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 382]. On March 30, 2016, the government responded. See [D.E. 383]. Stanford's new advisory guideline range on each count is 262 to 327 months' imprisonment, based on a total offense level of 35 and a criminal history category of V. See Resentencing Report. Stanford requests a 291-month sentence. See id.; [D.E. 382].

The court has discretion under Amendment 782 to reduce Stanford's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Stanford's sentence, the court finds that Stanford engaged in serious criminal behavior. See PSR ¶¶ 11–22; Sentencing Tr. at 4–72. Moreover, Stanford is a violent recidivist and has convictions for resisting a public officer, fleeing to elude arrest with a motor vehicle, assault inflicting serious injury, conspiracy to sell and deliver cocaine, possession with intent to sell and deliver cocaine (three counts), eluding arrest with a motor vehicle with three aggravating factors, and possession with intent to sell and deliver marijuana (two counts). See PSR ¶¶ 24–33. Stanford also has performed poorly on supervision and has essentially no work history. See id. ¶¶ 24, 46–47. Stanford has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned twice for

2

being absent from assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Stanford received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Stanford's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Stanford's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

On June 11, 2018, Stanford moved for reconsideration of this court's order of May 23, 2014, dismissing Stanford's motion under 28 U.S.C. § 2255. See [D.E. 385]. Stanford has not received authorization from the Fourth Circuit for another motion under 28 U.S.C. § 2255. Although Stanford couches his motion as one under Rule 60 of the Federal Rules of Civil Procedure, Stanford cannot use Rule 60 to avoid the legal effect of 28 U.S.C. § 2244(b)(3)(A). See United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003). Thus, the court lacks jurisdiction to consider Stanford's motion. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam). Accordingly, the court dismisses the motion for reconsideration and denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Alternatively, even if the court has jurisdiction and considers the merits under Rule 60 of the Federal Rules of Civil Procedure, the court denies the motion for reconsideration under the governing standard. See, e.g., Moses v. Joyner, 815 F.3d 163, 167–69 (4th Cir. 2016); Aikens v. Ingram, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc).

3

In sum, the court DENIES Stanford's motions for reduction of sentence [D.E. 375, 382], DISMISSES Stanford's motion for reconsideration [D.E. 385], and DENIES a certificate of appealability.

SO ORDERED. This 26 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge