IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-202-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONNELL DEMETRIUS STANFORD, ) | |
| ) | |
| Defendant. ) | |

On April 2, 2021, Donnell Demetrius Stanford ("Stanford" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 440]. As explained below, the court denies Stanford's motion.

I.

On March 7, 2011, without a plea agreement, Stanford pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine and possession with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine. See [D.E. 191]. On October 4, 2011, the court held Stanford's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 253, 263]; Sent. Tr. [D.E. 288] 7. After addressing the parties' objections, the court determined Stanford's total offense level to be 37, his criminal history category to be V and his advisory guideline range to be 324 to 405 months' imprisonment. See Sent. Tr. [D.E. 288] 69–71. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Stanford to 360 months' imprisonment on each count to run concurrently. See id. at

76–80. Stanford appealed. See [D.E. 266]. On August 7, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Bowen, 492 F. App'x 401 (4th Cir. 2012) (per curiam) (unpublished).

On October 16, 2013, Stanford moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 309]. On January 27, 2014, the government moved to dismiss Stanford's section 2255 motion. See [D.E. 323]. On February 26, 2014, Stanford responded in opposition to the government's motion. See [D.E. 328]. On May 23, 2014, the court granted the government's motion to dismiss and dismissed Stanford's section 225 motion and denied a certificate of appealability. See [D.E. 332]. Stanford appealed. See [D.E. 336]. On October 22, 2014, the Fourth Circuit denied a certificate of appealability and dismissed Stanford's appeal. See United States v. Stanford, 585 F. App'x 43, 44 (4th Cir. 2014) (per curiam) (unpublished).

On March 28, 2016, Stanford moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782. See [D.E. 382]. On March 30, 2016, the government responded. See [D.E. 383]. On June 11, 2018, Stanford also moved for reconsideration of the court's order dismissing his section 2255 motion. See [D.E. 385]. On July 20, 2018, the court denied Stanford's motion for sentence reduction, dismissed Stanford's motion for reconsideration, and denied a certificate of appealability. See [D.E. 395]. Stanford appealed. See [D.E. 397]. On September 25, 2018, the Fourth Circuit dismissed Stanford's appeal for failure to prosecute. See [D.E. 403].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the

defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of

---

       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

       (ii) The defendant is—

           (I) suffering from a serious physical or medical condition,

           (II) suffering from a serious functional or cognitive impairment, or

           (III) experiencing deteriorating physical or mental health because of the aging process,

       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, No. 20-7009, 2021 WL 1216543, at *3–4 (4th Cir. Apr. 1, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 2021 WL 1216543, at *3–4. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Stanford does not allege that he has exhausted his administrative remedies. Cf. [D.E. 440]. Nonetheless, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Stanford's claim on the merits.

Stanford seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Stanford cites the COVID-19 pandemic and his medical conditions, including hypertension, anxiety, asthma, and allergies. See [D.E. 440] 2, 7–8. Stanford also cites his race, the conditions at FCI Edgefield, and his release plan. See [D.E. 440] 2–3, 7–8.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Stanford states that he suffers from hypertension, anxiety, asthma, and allergies, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Stanford serves his sentence. Accordingly, reducing Stanford's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Stanford's medical conditions, race, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Stanford's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 2021 WL 1216543, at *4–5; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Stanford is 35 years old and engaged in very serious criminal behavior between 2007 and 2009. See PSR [D.E. 253] ¶¶ 11–22. Stanford was a member of a criminal conspiracy distributing marijuana, cocaine, and cocaine base (crack) in Raleigh, North Carolina. See id. Stanford was ultimately accountable for distributing 63.86 grams of marijuana, 13 kilograms of cocaine, and 21.36 kilograms cocaine base (crack). See id. ¶ 22. Stanford also did so while armed. See id. ¶ 21. Stanford also is a violent recidivist with convictions for possession with the intent to sell and deliver cocaine, possession with intent to sell and deliver marijuana (two counts), resisting a public officer, second degree trespass, fleeing to elude arrest with a motor vehicle, assault inflicting serious injury, conspiracy to sell and deliver cocaine (three counts), sell cocaine, and eluding arrest with motor vehicle with three aggravating factors. See id. ¶¶ 24–33. Moreover, Stanford has performed poorly on supervision. See id. ¶ 24.

The court has considered Stanford's potential exposure to COVID-19, Stanford's race, his medical conditions, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Stanford's arguments, and the need to punish Stanford for his serious criminal behavior, to incapacitate Stanford, to promote respect for the law, to deter others, and to protect society, the court declines to grant Stanford's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138

7

S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Stanford's motion for compassionate release [D.E. 440].

SO ORDERED. This 13 day of May 2021.

JAMES C. DEVER III
United States District Judge